Totten, J.,
delivered the opinion of the court.
The case is an issue of devisavit vel non, in the circuit court *338 of Jackson, upon a writing purporting to be the will of Susan-ah Murray, deceased.
At the execution of the will, the testatrix was a feme covert, she being then married to one Thomas Murray, who survived her.
Before this marriage, that is, on the 29th December, 1845,, the parties thereto entered into a marriage contract, by which the said Susanah conveyed to Thomas L. Bransford 450 arces of land in Jackson county, and some seventeen negro slaves, with their increase, and a note for $1255 52, on Kinnard and Bransford, for her sole and separate use and exclusive of any claim or interest of her intended husband, with power also, to the said Susanah to dispose of said property by will in any manner that she might think proper.
The verdict was, that the said script propounded was the valid will and testament of said Susanah Murray, to the extent of the property named in said ante-nuptial contract, on which verdict there was a proper judgment, for the reversal of which the defendants have prosecuted a writ of error to this court.
Several errors have been assigned and insisted upon in argument.
1. It is said that the court erred in permitting the will to go to the jury before there was any proof of the ante-nuptial contract, which confers the power to make it.
Certainly this was error. For without such power or the consent of the husband, the will of a feme covert is to be regarded as a mere nullity. But, if the power to make the will is afterwards proved, it cures the error, and then it becomes a mere matter of form not going to the merits, and for which this court would not reverse.
2. It is next insisted, that the ante-nuptial contract was improperly admitted in evidence, because the name of the Register is pot signed to the certificate of registration. The certi *339 ficate commences, “ I, W. R. Kinner, Register of Jackson county, do certify,” &c., and except that the name of the Register is not signed thereto, it is perfectly formal. This Register having gone out of office, a successor was appointed, who has made a formal certificate in his own name, to the effect that the paper was duly registered, and the former Register was permitted to amend his certificate at the trial, by subscribing his name thereto. The certificate can derive no aid from this supposed amendment. It is an official act which can only be performed by the Register, and not by one who has ceased to be invested with that office.
But the objection itself goes more to the form, than the substance of the act, as the name of the Register is officially stated in the body of the certificate. The certificate must be the act of the Register, and it appears in the body of the certificate that it was his act. Certainly, it is more proper and formal that the Register should subscribe his name, to indicate that the official act of registration had been fully accomplish- and by the proper officer; and it is not material in the present case, that we should determine that it is not necessary. For, the certificate of the present Register is equivalent in substance and effect to an authentication of a copy of the registered paper, and besides, the paper itself is proved as at common law, by one of the attesting witnesses. We consider, therefore, that it was properly admitted.
Nor was it necessary, as has been argued, that the ante-nuptial contract containing the power to make the will, should form any part of the formal issue. The issue is made up under the statute and is general in its terms, presenting the single question, whether the script propounded, or it may be some part thereof, is a valid will or not. The fact of coverture being proved by defendant, it would appear prima facie that there was a disability to make the will; but this would be removed by proof of the husband’s consent, either by an ante- *340 nuptial contract or other proper evidence of that fact, and such is the natural order, in which the proof might properly be introduced.
3. The defendant offered to prove the admissions of Chris-tiana Draper, a legatee under the will, to establish the fact, that fraud and undue influence had been employed to procure the execution of the will.
The evidence was rejected. This person is no party to the record; she is a sister of the deceased, and one of her dis-tributees, in case of intestacy, the deceased having left no issue, and the marital rights of her husband being excluded by the ante-nuptial contract. She takes a legacy under the will of the value of $250, and in case if intestacy, she would take as distributee, an interest in the estate of the value of some $900. Her interest, therefore, is not in favor of the will, but against it.
Admissions are received upon the principle that if made against the interest of the party, they are probably true. In general, they are not to be received, unless made by a party to the record, or a person interested in the subject matter of the suit, and they apply only to such as make the admissions, and to such as have not a common, but a joint interest in the matter in issue. 1 Green. Ev. § 171, &c.
But in the present case, the proposed admissions are not made by a party to the record ; nor are they to the prejudice of the person making them, but to her advantage; and they are offered to the prejudice of parties who have no joint interest with the person making the admissions.
We think the evidence was properly rejected. This is not like the case of Brown vs. Moor, 6 Yerg. R. 277, where the admissions of a devisee were admitted against the will. For, there, in case of intestacy, the person making the admissions would not take any interest.
It is equally clear that the court did not err in rejecting the *341 admissions of Dinah, a slave manumitted by the will. For, besides the reasons before stated, it is sufficient to say, that neither the declarations nor the direct evidence of a slave, can be admitted in evidence against a white person.
There being no error in the record, the judgment will be affirmed.